IN THE COURT OF CRIMINAL APPEALS


OF TEXAS






NO. WR-70,647-01






EX PARTE ALEJANDRO CAMACHO LOPEZ, Applicant








ON APPLICATION FOR A WRIT OF HABEAS CORPUS


CAUSE NO. 627935-A IN THE 339TH JUDICIAL DISTRICT COURT


FROM HARRIS COUNTY





 Per curiam.

 

O R D E R



 Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the
clerk of the trial court transmitted to this Court this application for writ of habeas corpus. Ex parte
Young, 418 S.W.2d 824, 826 (Tex. Crim. App. 1967). Applicant pleaded guilty to five counts of
aggravated assault, and originally received ten years' deferred adjudication community supervision.
He was later adjudicated guilty and sentenced to three years' imprisonment. He did not appeal his
conviction. 

 Applicant has since discharged his sentence, but he alleges that he continues to suffer the
immigration consequences of this conviction. Applicant alleges that he was deported after he
discharged this sentence, and he continues to be denied legal residency in the United States. 

 Applicant contends that his plea was involuntary because did not understand the
consequences of his plea. The habeas record contains copies of the stipulations, waivers, and
judicial confessions signed by Applicant, but does not contain copies of the trial court's written
admonishments. Applicant has alleged facts that, if true, might entitle him to relief. Strickland v.
Washington, 466 U.S. 608 (1984); Ex parte Lemke, 13 S.W.3d 791,795-96 (Tex. Crim. App. 2000). 
In these circumstances, additional facts are needed. As we held in Ex parte Rodriguez, 334 S.W.2d
294, 294 (Tex. Crim. App. 1997), the trial court is the appropriate forum for findings of fact. The
trial court may use any means set out in Tex. Code Crim. Proc. art. 11.07, § 3(d). In the
appropriate case, the trial court may rely on its personal recollection. Id.

 If the trial court elects to hold a hearing, it shall determine whether Applicant is indigent. If
Applicant is indigent and wishes to be represented by counsel, the trial court shall appoint an
attorney to represent Applicant at the hearing. Tex. Code Crim. Proc. art. 26.04. 

 The trial court shall supplement the record with copies of the written admonishments give
to Applicant in conjunction with his original plea. If the admonishments are unavailable, the trial
court shall supplement the record with a transcription of the plea hearing, or with an affidavit from
trial counsel. The trial court shall then make findings of fact as to whether Applicant was
specifically admonished of the immigration consequences of his plea, and as to whether trial counsel
advised Applicant of the consequences of the plea, including the immigration consequences if
Applicant were to be adjudicated guilty of these offenses. The trial court shall enter findings of fact
and conclusions of law in regard to Applicant's claim that his plea was involuntary. The trial court
shall also make any other findings of fact and conclusions of law that it deems relevant and
appropriate to the disposition of Applicant's claim for habeas corpus relief.

 This application will be held in abeyance until the trial court has resolved the fact issues. The
issues shall be resolved within 90 days of this order. If any continuances are granted, a copy of the
order granting the continuance shall be sent to this Court. A supplemental transcript containing all
affidavits and interrogatories or the transcription of the court reporter's notes from any hearing or
deposition, along with the trial court's supplemental findings of fact and conclusions of law, shall
be returned to this Court within 120 days of the date of this order. Any extensions of time shall be
obtained from this Court. 




Filed: October 15, 2008

Do not publish